IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICE JONES, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CODILIS AND ASSOCIATES, P.C., | ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Alice Jones brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Codilis and Associates, P.C. ("Codilis"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District; and

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Alice Jones is an individual who resides in DuPage County, Illinois.

5. Defendant Codilis and Associates, P.C. ("Codilis"), is a law firm organized as an Illinois professional corporation with offices at 15W030 N. Frontage Road, Suite 100, Burr Ridge, IL 60527. Its registered agent and office is Michael H. Lurie, 30 N. LaSalle

Street, Suite 2040, Chicago, IL 60602.

6. Codilis is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others. Most of the debts are residential mortgages.

7. Codilis is a debt collector as defined in the FDCPA.

## FACTS

8. Codilis has been attempting to collect from plaintiff a delinquent residential mortgage loan debt, secured by plaintiff's home, and entered into for personal, family or household purposes and not business purposes.

9. On or about November 1, 2011, plaintiff received an initial demand letter from Codilis, regarding her mortgage debt.

10. On or about November 7, 2011, in response to the initial demand letter she received from Codilis plaintiff sent Codilis the letter attached as Exhibit A.

11. On or about November 8, 2011, Codilis sent plaintiff a letter acknowledging receipt of Plaintiff's letter of November 7, 2011, Exhibit B.

12. On or about November 10, 2011, Codilis sent plaintiff reinstatement figures Exhibit C.

13. The letter with the reinstatement figures, Exhibit C, states in bold print "**If for any reason, the judicial sale is scheduled to take place prior to 11/22/11, reinstatement or pay-off funds will not be accepted later than one (1) business day prior to the Judicial Sale**."

14. Exhibit C also lists "estimated foreclosure costs," including complaint filing fees, lis pendens recording, and service of process fees.

15. A judicial sale in Illinois requires that a judgment of foreclosure directing such sale have been entered.

16. As of November 15, 2011, no foreclosure suit was pending against plaintiff, according to an electronic search of court records in DuPage County.

17. As of November 10, 2011, no judgment directing a sale had been entered, and no sale had been scheduled.

18. The quoted statement is regularly inserted by defendant in letters providing reinstatement amounts, the only difference being the date.

19. Codilis regularly includes the quoted statement even if no judgment directing a judicial sale has been entered.

20. Codilis also regularly includes fees for filing complaints, recording lis pendens, and serving process when no such fees have been incurred.

21. Codilis sends thousands of demand letters each year.

22. Codilis files thousands of foreclosures each year.

23. Codilis sends thousands of letters providing reinstatement amounts each year.

24. On information and belief, based on the volume of cases filed by Codilis, during the year prior to the filing of this action, Codilis included the statement that **"If for any reason, the judicial sale is scheduled to take place prior to [date], reinstatement or pay-off funds will not be accepted later than one (1) business day prior to the Judicial Sale,"** in more than 100 letters sent to homeowners in connection with loans secured by their residences prior to the entry of a judgment.

25. The reference to a judicial sale prior to a judgment being entered is misleading and intimidating.

26. On information and belief, based on the volume of cases filed by Codilis, during the year prior to the filing of this action, Codilis asked for payment of filing, recording, and service of process fees that had not yet been incurred in order to reinstate mortgages on more than 100 occasions.

27. There is no basis for requiring the payment of unincurred amounts as a

condition of reinstatement.

## COUNT I – FDCPA

28. Plaintiff incorporates paragraphs 1-27.

29. The reference in <u>Exhibit C</u> to "the judicial sale" is false and misleading when no judgment directing the conduct of a judicial sale has been entered, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5), and 1692e(10).

30. 15 U.S.C. 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
> > **(A)    the character, amount, or legal status of any debt; . . .**
>
> **(4)    The representation or implication that nonpayment of any debt will result in the . . . sale of any property . . . of any person unless such action is lawful and the debt collector or creditor intends to take such action.**
>
> **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

31. The inclusion of estimated filing fees, recording fees, and service fees that had not yet been incurred as a condition of reinstatement also violates 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5), and 1692e(10).

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of two classes, designated Classes A and B, pursuant to Fed. R.Civ.P. 23(a) and (b)(3).

33. Class A consists of (a) all individuals (b) to whom Codilis sent a letter

referring to "the judicial sale" (c) when no court order directing the conduct of a judicial sale had been entered (d) where the letter was sent to an Illinois address (e) which is also the address of the mortgaged property (f) and the letter was sent on or after November 29, 2010, and on or before December 19, 2011.

34. Class B consists of (a) all individuals (b) to whom Codilis sent a letter seeking fees that had not yet been incurred, (c) where the letter was sent to an Illinois address (d) which is also the address of the mortgaged property (e) and the letter was sent on or after November 29, 2010, and on or before December 19, 2011.

35. Each class is so numerous that joinder of all members is not practicable. On information and belief, based on the number of foreclosures handled by Codilis and the number of letters providing reinstatement figures sent by Codilis, there are at least 100 members of each class.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether references to "the judicial sale" when no sale had been ordered by a court are false or misleading and (b) whether it is improper to ask for fees and costs that have not yet been incurred as a condition of reinstatement.

37. Plaintiff will fairly and adequately represent the class members. Alice Jones has retained counsel experienced in class actions and consumer credit and debt collection litigation.

38. A class action is a superior means for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights.

    c. Congress contemplated class actions as a principal means of enforcing the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (1)    Statutory damages;

    (2)    Actual damages equal to any fees paid that were not incurred;

    (3)    Attorney's fees, litigation expenses and costs of suit;

    (4)    Such other and further relief as the Court deems proper.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26320\Pleading\Complaint_Pleading.wpd

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

Redacted

Codilis & Associates, P.C.
15W030 North Frontage Road
Suite 100
Burr Ridge, IL 60527
Fax: 630-794-9090

November 7, 2011

Re:

Ladies/ Gentlemen:

Please be advised that we dispute the claimed debt(s) described above.

Please provide any contract or agreement we signed and an account history showing how you arrived at the conclusion that we owe the amounts claimed and when this alleged debt(s) was charged off.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide copies of assignments and other documents showing that you or your principal is in fact the assignee of the debt(s) described above and that you are legally authorized to attempt to collect the claimed debt(s) from us.

Unless and until such proof is furnished, we do not recognize any right on your part to attempt to collect any amount from us through any means whatever, including credit reporting. We refuse to pay any debt that has not been substantiated in the manner we request and direct you to cease further communications unless and until you can provide such substantiation.

Any permission to use automated equipment to call us is revoked.

Thank you.

Sincerely,

Alice Jones

# EXHIBIT B

Redacted



**CODILIS & ASSOCIATES, P.C.**
ILLINOIS

LAW OFFICES

15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

P: (630) 794-5300 / FAX: (630) 794-9090

November 8, 2011

RE: The Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2005-16 V. Alice Jones
    Loan #: ▓▓▓▓▓▓
    Our File No.: 14-11-35412

Dear Alice Jones,

Please be advised that we acknowledge receipt of your recent correspondence regarding the above file and have requested additional information from our client. Upon receipt of the information requested, we will provide the necessary response to your letter. Until that time, our file has been placed on hold.

If you have any questions regarding this letter, please contact our office.

Sincerely,
Codilis & Associates, P.C.

By: _____

**NOTE: This law firm is deemed to be a debt collector.**

# EXHIBIT C

Redacted



**LAW OFFICES**

15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois  60527

P: (630) 794-5300  /  FAX: (630) 794-9090

November 10, 2011

RE:  The Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2005-16 v. ; et. al.
  Case No.:
  Our File No.:   14-11-35412
  Loan No.:       11            
  Property Address:

Dear Sir or Madam:

This letter is being sent to you pursuant to your recent request for reinstatement figures good through 11/22/11. Please be advised, it is likely that the amount necessary to reinstate your loan in full will change between the date of this letter and 11/22/11 for a variety of reasons. These reasons may include such items as additional payments or late charges coming due, additional costs being incurred in relationship to foreclosure or other litigation, or other charges allowed under the mortgage. Because of this and in an effort to assist you in reinstatement of your loan, it is necessary to estimate certain amounts.

**We estimate that $8,844.19 will be due on  11/22/11.**

The attached breakdown indicates how that estimate was calculated.

The amount listed above may change on or subsequent to the date of this letter due to a variety of reasons. Please call our office 24 hours before you send payment to verify all figures. Please call (630) 794-5300 and ask for the DEFAULT RESOLUTION DEPARTMENT. If you do not verify these figures 24 hours in advance, you may send an incorrect amount and your mortgage may not be reinstated.

All figures are subject to clearance of funds and confirmation by the mortgage holder. The mortgage holder reserves the right to request additional funds, before or subsequent to reinstatement of the loan, to correct an error or omission in the figures made in good faith, whether

mathematical, clerical, typographical, or otherwise. The reinstatement figures are also subject to change to reflect any transactions that may occur on or subsequent to the date of this letter.

If you have any questions about these amounts, or if you would like any additional information about the amounts which are due, please call Codilis & Associates, P.C. at (630) 794-5300 and ask for the Default Resolution Department.

Payment pursuant to this letter will NOT be accepted after 5:00 P.M. on 11/22/11 and the amount may change if your payment is not received at the offices of Codilis & Associates, P.C. by that date and time. Payment should be in the form of a **CASHIER'S CHECK, CERTIFIED CHECK or MONEY ORDER** made payable to CODILIS & ASSOCIATES, P.C., ESCROW ACCOUNT.

If these instructions are not fully complied with, your check may be returned and foreclosure may proceed.

**If for any reason, the judicial sale is scheduled to take place prior to 11/22/11, reinstatement or pay-off funds will not be accepted later than one (1) business day prior to the Judicial Sale.**

NOTE: This law firm is deemed to be a debt collector.

Very truly yours,

Codilis & Associates, P.C.

Breakdown of Estimated Amount Due Through 11/22/11.

Mortgage Payments:
07/01/2011 to 08/31/2011 @ $1,100.97
09/01/2011 to 11/22/2011 @ $1,123.17

| | |
|---|---|
| Total amount of Payments: | $5,571.45 |
| Late Charges | $70.56 |
| Escrow Advances | $1,277.18 |
| Other (Appraisal Fees, NSF Fees, etc.) | $75.00 |
| Property Inspection/Maintenance Fees | $60.00 |
| **Foreclosure Attorney Fees** | $390.00 |
| **Estimated Foreclosure Attorney Fees** | $520.00 |

**Estimated Foreclosure Costs**

| | |
|---|---|
| Complaint Filing Fees | $340.00 |
| Lis Pendens Recording Cost | $40.00 |
| Service of Process | $500.00 |

**Estimated Total to Reinstate on 11/22/11: $8,844.19**

Again, quotes for estimated amounts are made because services are ongoing and not final. Upon receipt of sufficient funds, our office will cease action on any pending foreclosure case and advise the court accordingly.

NOTE: This law firm is deemed to be a debt collector.

14-11-35412